UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**JOYCE FUDGE WILLIAMS**,
on behalf of herself and all
others similarly situated,

    Plaintiff,

vs.                              Case No.: **3:17-cv-570-J-25JRK**

**NEW PENN FINANCIAL, LLC**,
d/b/a Shellpoint Mortgage
Servicing, Inc.,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court upon the Joint Motion for Preliminary Approval of Class Action Settlement ("Joint Motion") filed by Plaintiff, Joyce Fudge Williams, individually and on behalf of all others similarly situated ("Williams" or "Plaintiff"), and Defendant, New Penn Financial, LLC d/b/a Shellpoint Mortgage Servicing ("Shellpoint" or "Defendant"), (collectively, "the Parties"), seeking to settle and dismiss this litigation on a class-action basis, subject to the Court's approval.

The Court, having reviewed the pleadings, motion and supporting materials submitted by the Parties, including the Class Action Settlement

Agreement (the "Agreement")[1] and proposed Notice of Proposed Class Action Settlement (the "Notice"), and being otherwise advised in the premises, finds and orders as follows:

1. The Joint Motion is **GRANTED** to the extent set forth below.

2. **Jurisdiction.** The Court finds that it has subject matter jurisdiction over this Lawsuit pursuant to 28 U.S.C. §§ 1331 & 1367, including jurisdiction to approve and enforce the Agreement and all Orders and Decrees that have been entered or which may be entered pursuant thereto. The Court also finds that it has personal jurisdiction over the Parties and, for purposes of consideration of the proposed settlement, over each of the members of the Settlement Class defined below, and that venue is proper in this District pursuant to 28 U.S.C. § 1391.

3. **Preliminary Class Certification for Settlement Purposes Only.** The Court is presented with a proposed settlement prior to a decision on class certification, and must therefore determine whether the proposed Settlement Class satisfies the requirements for class certification under Federal Rule of Civil Procedure 23, albeit for purposes of settlement. *See, e.g., Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620-21 (1997). "In

---

[1] Terms capitalized but not otherwise defined herein shall have the meanings ascribed in the Agreement.

2

deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class—*i.e.*, all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied—except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial." *In re Checking Account Overdraft Litig.*, 275 F.R.D. 654, 659 (S.D. Fla. 2011). The Court must also be satisfied that the proposed class "is adequately defined and clearly ascertainable." *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012). The Court preliminarily finds and concludes, for settlement purposes only, that:

    a. The Settlement Class is ascertainable. A class is ascertainable if "the class definition contains objective criteria that allow for class members to be identified in an administratively feasible way," such that identifying class members will be "a manageable process that does not require much, if any, individual inquiry." *Karhu v. Vital Pharm., Inc.*, 621 F. App'x 945, 946 (11th Cir. 2015). Here, the proposed definition of the Settlement Class is based on objective criteria, all of which are determinable from Shellpoint's business records. Individual, subjective inquiries to identify who may be a member of the Settlement

Class are unnecessary. *Graham v. Pyramid Healthcare Solutions, Inc.*, No.: 8:16-cv-1324, 2017 WL 2799928, at *4-5 (M.D. Fla. June 28, 2017) (proposed class was ascertainable because the class definition limited class membership to persons who had been provided with the same allegedly defective disclosure). The proposed class definition also tracks the elements of the FDCPA and FCCPA claims at issue in this Lawsuit, meaning the Settlement Class will not be over-populated with persons who do not share the FDCPA and/or FCCPA claims at issue in this Lawsuit.

      b.      The Settlement Class also satisfies the numerosity requirement of Rule 23(a)(1). Shellpoint believes the total number of people within the Settlement Class to be 987. Individual joinder of that many persons would be impracticable. *Cox v. Am. Cast Iron Pip Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986) ("[W]hile there is no fixed numerosity rule, generally less than twenty-one is inadequate, more than forty adequate, with numbers between varying according to other factors."); *Baez v. LTD Fin. Serv., L.P.*, No.: 6:15-cv-1043, 2016 WL 3189133, at *2 (M.D. Fla. June 8, 2016) (Rule 23's numerosity requirement "easily satisfied" where class was comprised of over 34,000 consumers who were sent an allegedly deceptive dunning letter).

4

c.  The commonality requirement of Rule 23(a)(2) is also satisfied for purposes of settlement. To establish commonality in the context of the FDCPA and/or FCCPA, it is generally "sufficient that Plaintiff allege that all class members received the same collection letter." *Swanson v. Mid Am, Inc.*, 186 F.R.D. 665, 668 (M.D. Fla. 1999); *accord Sanchez v. Velocity Inv., LLC*, No.: 1:15-CV-3096, 2015 WL 12777990, at *3 (N.D. Ga. Dec. 11, 2015) ("[C]laims arising out of a form letter are often certified as class actions."); *Klewinowski v. MFP, Inc*, No.: 8:13-cv-1204, 2013 WL 5177865, at *2 (M.D. Fla. Sept. 12, 2013) (commonality satisfied where "the claims of the putative class members depends on a common contention that Defendant's debt collection letters . . . violate the FDCPA," and those collection letters were "standardized" in nature and sent "to each member of the putative class"). Here, Plaintiff Williams and the Settlement Class Members all received Welcome Letters after their Chapter 7 bankruptcy discharge, and it is alleged that those communications contain the same or materially similar misleading content by seeking payment on discharged debts. This allegedly misleading content and/or disclosures serves as the basis of the Settlement Class's FDCPA and/or FCCPA claims. As a result, for purposes of settlement, Rule 23(a)'s commonality requirement is satisfied.

    d. The Settlement Class also satisfies the typicality requirement of Rule 23(a)(3). The test of typicality is "whether other members [of the class] have the same or similar injury, whether the action is based on conduct which is not unique to the named class plaintiffs, and whether other class members have been injured by the same course of conduct." *In re Checking Account Overdraft Litig.*, 307 F.R.D. 630, 641 (S.D. Fla. 2015) (quoting *Hanon v. Dataprods. Corp.*, 976 F.2d 497, 508 (9th Cir. 1992)). The typicality requirement "may be satisfied even though varying fact patterns support the claims or defenses of individual class members, or there is a disparity in the damages claimed by the representative parties and the other members of the class," *In re Domestic Air Transp. Antitrust Litig.*, 137 F.R.D. 677, 698 (N.D. Ga. 1991), so long as the claims or defenses of the class and class representatives "arise from the same events, practice, or conduct and are based on the same legal theories." *Navelski v. Int'l Paper Co.*, 244 F. Supp. 3d 1275, 1306 (N.D. Fla. 2017) (citing *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)). Here, Plaintiff Williams alleges that she and the Settlement Class Members were all subjected to the same allegedly unlawful collection activity, through their common receipt of a Welcome Letter from Shellpoint post-discharge.

For purposes of class settlement, this is sufficient to satisfy Rule 23(a)'s typicality requirement. *Klewinowski*, 2013 WL 5177865, at *3 (typicality satisfied where class members received the same form collection letters, and their FDCPA and FCCPA claims were based on the same legal theory that those letters all contained similar misleading content).

    e.    Plaintiff Williams is an adequate representative of the Settlement Class under Rule 23(a)(4). She has standing, is a member of the Settlement Class she seeks to represent, and the Court is aware of no antagonistic interests that exist between her and the Settlement Class Members. The Court is also satisfied that Class Counsel have the qualifications and experience necessary to undertake this litigation and serve as counsel for the Settlement Class. *See, e.g., Prindle v. Carrington Mtg. Servs., LLC*, No.: 3:13-cv-1349, 2016 WL 4466838, at *12 (M.D. Fla. Aug. 24, 2016) (appointing Varnell & Warwick as class counsel in FDCPA class action); *Baez v. LTD Fin. Servs., LP*, No.: 6:15-cv-1043, 2016 WL 3189133, at *4 (M.D. Fla. June 8, 2016) (same); *Ioime v. Blanchard*, No.: 5:15-cv-130, 2016 WL 829111, at *5 (M.D. Fla. Mar. 3, 2016) (same).

    f.    The requirements of Rule 23(b)(3) are also satisfied for purposes of certification of the Settlement Class. The core common issues

of law and fact that surround the FDCPA and FCCPA claims of the Settlement Class predominate for purposes of settlement over any individual questions associated with the resolution of that claim. *See, e.g., Kiewinowski*, 2013 WL 5177865, at *4 (The "common issue [of whether standardized communications violate the FDCPA] predominates over any other issue presented in this matter, and thus, the requirement of predominance has been satisfied."); *Fuller v. Becker & Poliakoff, PA*, 197 F.R.D. 697, 700-01 (M.D. Fla. 2000) (predominance and superiority elements of Rule 23(b)(3) satisfied because "[t]he essential common factual link between all of the prospective class members is the letters sent by Defendants" to them, and whether the "language and content of the letters" violates the FDCPA); *Bummolo v. Law Offices of Charles W. McKinnon, P.L.*, No.: 2:11-cv-14408, 2012 WL 3866485, at *4 (S.D. Fla. Sept. 5, 2012) ("Given that the putative class members received the same letters from Defendants, a general determination can be made regarding whether the FDCPA was violated. Accordingly, Plaintiff has demonstrated that questions in common predominate over individual questions."); *Gaalswijk-Knetzke v. Receivables Mgmt. Servs. Corp.*, No.: 8:08-cv-493, 2008 WL 3850657, at *2, 4 (M.D. Fla. Aug. 14, 2008) ("In cases seeking relief for conduct involving form collection letters alleged to

8

violate the FDCPA . . . certification of a class action is not unusual" because "the common issues raised by sending the same form collection letters [to class members] predominate over any individual issues."). And because Plaintiff Williams seeks class certification for settlement purposes, the Court need not inquire into whether this Lawsuit, if tried, would present intractable management problems. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 988 (11th Cir. 2016); *In re Am. Int'l Grp., Inc. Sec. Litig.*, 689 F.3d 229, 242 (2d Cir. 2012) ("[M]anageability concerns do not stand in the way of certifying a settlement class."). For purposes of class settlement, the Court concludes that use of the class device is also superior to other methods of resolving the issues in this Lawsuit "given the large number of claims, the relatively small amount of damages available, the desirability of consistently adjudicating the claims, the high probability that individual members of the proposed classes would not possess a great interest in controlling the prosecution of the claims, and the fact that it would be uneconomical to litigate the issues individually." *Roundtree v. Bush Ross, P.A.*, 304 F.R.D. 644, 663 (M.D. Fla. 2015).

4.  Accordingly, for purposes of considering, approving and effectuating the Agreement and to fairly and adequately protect the

interests of all concerned with regard to all claims set forth in the operative complaint, the following class (the "Settlement Class") is preliminarily certified for settlement purposes only:

> All Florida consumers: (1) whose mortgage loans were secured by residential property located in Florida; (2) whose mortgage loan was service-released to Shellpoint with an effective date on or after May 18, 2015; (3) who received a Chapter 7 discharge of their personal liability on the mortgage debt prior to the effective date Shellpoint began servicing the loan; and (4) who, after receiving a discharge, received a Welcome Letter in connection with that discharged mortgage debt in the same form as the communication attached to the class notice.

Excluded from the Settlement Class are: (a) Shellpoint's board members and executive level officers; (b) persons who timely and properly exclude themselves from the Settlement Class in accordance with the provisions of this Order and Section IV(A)(8) of the Parties' Settlement; (c) persons who have previously settled, released, and/or adjudicated the Released Claims; and (d) the federal district and magistrate judges assigned to this Lawsuit, along with their spouses and persons within the third degree of relationship to them.

5. **Appointment of Class Representatives and Class Counsel.**

The Court hereby appoints Plaintiff Williams as the representative of the conditionally certified Settlement Class. The Court further designates and

appoints Janet R. Varnell, Brian W. Warwick and David K. Lietz of the law firm of Varnell & Warwick, P.A. and Max Story of the law firm of Max Story, P.A., who the Court finds are experienced and adequate counsel, as the legal counsel for the Settlement Class ("Class Counsel"). Class Counsel are authorized to represent Plaintiff Williams and the Settlement Class Members, to enter into and seek approval of the Settlement on behalf of the Settlement Class, and to bind Plaintiff Williams, all other Settlement Class Members and themselves to the duties and obligations contained in the Settlement, subject to the final approval of the Settlement by the Court.

6. **Preliminary Certification of Settlement Class**.

On May 18, 2017, Plaintiff filed this action in this Court, seeking class wide relief for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Florida Statutes §§ 559.55, et seq. ("FCCPA"), arising from a Welcome Letter allegedly received post chapter 7 bankruptcy-discharge from Shellpoint. Additional allegations and claims were made on an individual basis. Shellpoint answered, denied any wrongdoing, and raised several affirmative defenses on January 10, 2018. In particular, Shellpoint contends that its Welcome Letter was appropriate,

not misleading, subject to a bona fide error defense, and did not violate the FDCPA, the FCCPA, or any discharge injunction. On July 18, 2018, counsel for the Parties participated in a voluntary mediation in Jacksonville, Florida, with mediator Terrance White. The Parties were able to agree on the general terms of the settlement as set forth in the Agreement.

The Court finds, subject to the Fairness Hearing, that the Agreement is sufficiently fair, reasonable, and adequate, falls within the range of possible approval, and is in the best interests of the Settlement Class that they be given the opportunity to be heard regarding the Agreement and the opportunity to exclude themselves from the proposed Settlement Class. See MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.632 (2004). The Court further finds that the Agreement substantially fulfills the purposes and objectives of the Lawsuit, and offers beneficial relief to the Settlement Class that falls within the range of potential recovery in successful litigation of the FDCPA and FCCPA claims asserted as putative class-claims in this Lawsuit.

Both the FDCPA and the FCCPA provide for up to $1,000 in statutory damages per person. 15 USC § 1692k(a)(2)(A); Fla. Stat. §559.72. In a class action, those damages are limited to the lesser of

$500,000 or 1% of the defendant's net worth. § 1692k(a)(2)(B); Fla. Stat. § 559.72. Discovery has revealed that there are approximately 987 potential settlement class members. Under the Agreement, Shellpoint will pay each member of the Settlement Class, limited to one payment per Class Loan, either $250.00 if the Welcome Letter was received between May 18, 2015-May 17, 2016 or $350.00 if the Welcome Letter was received between May 18, 2016 and the date of the Preliminary Approval Order. The difference between the two amounts and dates is premised on the statute of limitations which is one year for FDCPA and two years under the FCCPA. It is not certain that Plaintiffs could recover more than this amount, even if successful at trial. Considering that this amount is significant relief in light of the caps on statutory damages, and that the payment is automatic and without resort to a "claim form" process, it certainly falls within the "range of reasonableness" such that notice should be issued.

Likewise, the attorney fees and costs that the parties have negotiated to Class Counsel do not diminish the relief to the Settlement Class and appear to be reasonable for the amount of time spent on this matter. The Court recognizes the novelty and complexity of the issues and arguments made in this case.

Therefore, the Court finds that the Agreement, when viewed in light of the *Faught v. Am. Home Shield Corp.*, 668 F.3d 1233, 1240 (11th Cir. 2011) factors, falls within the range of reasonableness such that Preliminary Approval of the settlement is warranted, and notice should be issued to the class.

7. **Fairness Hearing.**

A Fairness hearing shall be held before this Court on **February 28, 2019** beginning at **10 a.m.**, in Courtroom 10A of the Bryan Simpson United States Courthouse, 300 North Hogan Street, Jacksonville, Florida 32202 for the following purposes:

    a. to determine whether the proposed settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class, and whether the Agreement should be finally approved by the Court;

    b. to determine whether Final Judgment as provided under the Agreement should be entered dismissing the complaint filed in this action with prejudice; and to determine whether releases should be provided to Shellpoint as defined and set forth in the Agreement;

    c. to consider whether to award the Class Representative the amount set forth in the Agreement;

       d.       to consider whether to award Class Counsel's fees and expenses as set forth in the Agreement; and

       e.       to rule upon such other matters as the Court may deem appropriate.

**8.** **<u>Notice to the Settlement Class.</u>**

The Court approves the form, substance, and requirements of the Notice attached to the Agreement.

       a.       The Settlement Administrator shall cause the Notice, substantially in the form set forth in Exhibit 1 to be mailed to the Class Members according to the terms of the Agreement.

       b.       The form of the Notice, and method set forth herein of notifying the Settlement Class of the settlement and its terms and conditions, (a) constitute the best practicable notice under the circumstances; (b) is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of this Lawsuit, the terms of the proposed settlement, and of their rights under and with respect to the proposed settlement (including, without limitation, their right to object to or seek exclusion from, the proposed Agreement); (c) is reasonable and constitutes due, adequate and sufficient notice to all Settlement Class Members and other persons entitled to receive notice;

and (d) satisfies all applicable requirements of law, including, but not limited to, 28 U.S.C. § 1715, Federal Rule of Civil Procedure 23(c), and the United States Constitution (including the Due Process Clause). *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173-74 (1974) ("[N]otice must be 'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" (quoting *Mullane v. Ctr. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950))). The Court further finds that the Class Notice is written in plain, understandable language.

9. **Stay**.

All litigation, including discovery, other than further proceedings with respect to the Settlement, is stayed until further order of this Court.

10. **Opting Out from the Settlement Class**.

Any Settlement Class Member may opt out by utilizing the procedures outlined in the Notice.

11. The Parties shall file a list of any Class Members who have timely and properly opted out of the settlement with the Court no later than five (5) days prior to the Fairness Hearing.

12. **Objections and Appearances**. Any Settlement Class Member may appear and show cause why the proposed settlement of this

action embodied in the Agreement should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon, or why the incentive award to the Class Representative should not be made, or why fees inclusive of the expenses should not be awarded as provided in the Agreement; provided, however, that no Settlement Class member or any other person, shall be heard or entitled to contest the approval of the proposed settlement, or, if approved, the judgment to be entered thereon, unless on or before twenty-one (21) days prior to the Fairness Hearing, that person has caused to be filed written objections in the manner and form outlined in the Agreement, stating all supporting bases and reasons with:

> U.S. District Court Clerk
> Middle District of Florida,
> Jacksonville Division
> 300 North Hogan Street
> Jacksonville,
> Florida 32202

    13.    Attendance at the Settlement Fairness Hearing is not necessary in order for the objection to be considered by the Court; however, persons wishing to be heard orally in opposition to the approval of the Settlement are required to indicate in their written objection their intention to appear at the hearing. All written objections shall conform to the requirements of the Agreement and shall indicate the basis upon

which the person submitting the objections claims to be a member of the Settlement Class and shall clearly identify any and all witnesses, documents and other evidence of any kind that are to be presented at the Fairness Hearing in connection with such objections and shall further set forth the substance of any testimony to be given by such witnesses.

14. Any Settlement Class member who does not make his, her or its objection in the manner provided in this Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objections to the fairness, adequacy, or reasonableness of the settlement.

15. **Termination of settlement.**

If the settlement is not consummated for any reason, this Order shall become null and void, and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions existing immediately before this Court entered this Order. In such event, and except as provided therein, the proposed settlement and Agreement shall become null and void and be of no further force and effect; the preliminary certification of the Settlement Class for settlement purposes shall be automatically vacated; neither the Agreement nor the Court's Orders, including this Order, shall be used or referred to for any

purpose whatsoever; and the Parties shall retain, without prejudice, any and all objections, arguments, and defenses with respect to class certification.

16. This Order shall be of no force and effect if the settlement does not become final and shall not be construed or used as an admission, concession, or declaration by or against Shellpoint of any fault, wrongdoing, breach, or liability, or by or against Plaintiff or the Settlement Class Members that their claims lack merit or that the relief requested in the operative complaint in this Lawsuit is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses they may have.

17. This settlement and all negotiations, proceedings, documents prepared and statements made in connection with this settlement shall be without prejudice to any Party and shall not be admissible into evidence, and shall not be deemed or construed to be an admission or confession by any Party, or any member of the Settlement Class, of any fact, matter or proposition of law, and shall not be used in any manner for any purpose.

18. **Communications with Settlement Class Members**. The Court authorizes Shellpoint to communicate with Settlement Class

Members and to otherwise engage in any other communications within the normal course of Shellpoint's business. However, Shellpoint is ordered to refer any inquiries by Settlement Class Members or potential Settlement Class Members about the settlement to the Settlement Administrator or Class Counsel.

19. **Continuing Jurisdiction**. This Court shall maintain continuing exclusive jurisdiction over these settlement proceedings to consider all further applications arising out of or connected with the Agreement or this Order, and to assure the effectuation of the settlement for the benefit of the Settlement Class.

**DONE AND ORDERED** this 20th day of December, 2018.

HENRY LEE ADAMS, JR.
United States District Judge

Copies to: Counsel of Record